UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 02:01-CR-00407-LRH-LRL |
| ) | |
| v. ) | |
| ) | ORDER |
| FERNANDO CORNIEL-REYES, ) | |
| ) | |
| Defendant. ) | |

Presently before the court is Defendant Fernando Corniel-Reyes' ("Reyes") Motion to Vacate, Set Aside, or Correct Sentence (#149[1]) brought pursuant to 28 U.S.C. § 2255. The Government has filed a motion to dismiss (#159) to which Reyes has replied (#162). Also before the court is Reyes' Motion for the Return of Seized Property (#150 & #151) and Motion to Reconsider this court's August 27, 2007, order (#161). The Government has filed a response to Reyes' motion for the return of seized property (#160).

**I. Procedural History**

On October 23, 2002, a federal grand jury in the District of Nevada returned a two-count indictment charging Reyes and two codefendants, Jose Campusano and Maria Gomez, with Conspiracy to Distribute a Controlled Substance–in violation of 21 U.S.C. §§ 846, 841(a)(1), and

---

[1] References to (#XX) refer to the court's docket.

(b)(1)(A)(ii)–and Attempt to Possess a Controlled Substance With Intent to Distribute–in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(ii).  On November 1, 2002, Reyes pled not guilty to both of these counts.

On March 6, 2003, a jury found Reyes guilty of both counts and also returned special verdicts finding that both offenses involved five kilograms or more of a mixture or substance containing a detectable amount of cocaine.  At sentencing on October 8, 2003, this court imposed a 121 month sentence for each offense, each sentence to run concurrently.

On October 8, 2003, Reyes filed a notice of appeal; and on April 7, 2006, the United States Court of Appeals for the Ninth Circuit affirmed Reyes' conviction in an unpublished opinion. *United States v. Corniel-Reyes*, 175 F. App'x 123 (9th Cir. 2006).

Reyes now brings three motions: (1) a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, (2) a motion for the return of seized property, and (3) a motion to reconsider this court's August 27, 2007, order

 **II.  Discussion**

Pursuant to 28 U.S.C. § 2255,

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Thus, § 2255 broadly defines four categories of cognizable claims: (1) the conviction or sentence is unconstitutional, (2) the court that rendered the judgment lacked either personal or subject matter jurisdiction, (3) the conviction or sentence violates other federal law, and (4) the sentence or judgment is otherwise open to collateral attack because it results in a fundamental miscarriage of justice.  28 U.S.C. § 2255; 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 41.3b (5th ed. 2005).

In his motion for relief under § 2255, Reyes presents six grounds for relief:

(1) he received ineffective assistance of counsel during the plea bargaining phase of his case,

(2) this court erred by sentencing him for a quantity of cocaine found only by a preponderance of the evidence,

(3) he was sentenced in violation of *United States v. Booker*,

(4) he was deprived of due process and effective assistance of counsel when his attorney did not review his presentence report with him prior to sentencing,

(5) he was entitled to a downward departure at sentencing because he is a deportable resident alien, and

(6) he was deprived of due process when the Government seized $500 from him without giving him notice and an opportunity to be heard.

**A. Ineffective Assistance of Counsel**

The first ground of Reyes' motion for § 2255 relief alleges that his lawyer was ineffective for telling him the Government had a plea offer, but if Reyes took the offer: (1) he would receive 57 to 78 months in prison and (2) he would not be allowed to argue that a Government witness is not credible. Reyes also alleges that his attorney advised him that (1) there was a very high chance of winning at trial because there was not enough evidence to find Reyes guilty, (2) the only evidence the Government had was a recording that was not clear and understandable, and (3) the jury would not believe his codefendant's testimony because he has three felony convictions. This advice, Reyes alleges, was ineffective assistance of counsel and resulted in him choosing to go to trial and forgo a sentence reduction he would have received for acceptance of responsibility.

In order to establish an ineffective assistance of counsel claim, a defendant must prove two elements:

First, the defendant must show that counsel's conduct was not "'within the range of

3

competence demanded of attorneys in criminal cases.'" Under this standard, [the court] review[s] only whether "counsel's representation fell below an objective standard of reasonableness." There is a "strong presumption that counsel's conduct [falls] within the wide range of reasonable representation." Because there exist "countless ways to provide effective assistance in any given case," [the court] will not second-guess tactical decisions made by counsel. Nor will [the court] evaluate counsel's conduct through "the distorting lens of hindsight." Rather, [the court] review[s] counsel's actions based on the facts as known to the attorney, or as reasonably could have been known to the attorney, at the time he or she acted.

Second, the defendant must show that counsel's deficient performance caused prejudice. Counsel's deficient performance must be so significant "as to deprive the defendant of a fair trial, a trial whose result is reliable." The defendant need not prove definitively that the outcome would be different, but only a "reasonable probability" of a different result. A reasonable probability is a probability "sufficient to undermine confidence in the outcome," a showing *less* than a preponderance of evidence.

*Hoffman v. Arave*, 455 F.3d 926, 931-32 (9th Cir. 2007) (citations omitted).

The court finds that Reyes' attorney's performance, as alleged by Reyes, does not fall below an objective standard of reasonableness. Reyes' chief complaint regarding his attorney's performance is that he underestimated the likelihood of Reyes being convicted at trial. This prediction was not unreasonable given that Reyes would be facing the testimony of Jose Campusano, a convicted felon and codefendant who accepted a plea offer in exchange for his testimony against Reyes. Plea Memorandum at 4, *United States v. Campusano*, 02:01-CR-00407-LRH-LRL-1 (D. Nev. March 3, 2003) ("[Campusano] agrees, if requested by the United States, to provide complete and truthful information and testimony concerning his knowledge of all other persons who are committing or have committed offenses against the United States, and agrees to cooperate fully with the United States in the investigation and prosecution of such persons."). Such testimony is inherently suspect, and counsel cannot be faulted for pointing out its probative value prior to Reyes' decision to go to trial. While a jury eventually found Reyes guilty, this court will not "evaluate counsel's conduct through the distorting lens of hindsight." *Hoffman v. Arave*, 455 F.3d 926, 931 (9th Cir. 2006).

With regard to Reyes allegation that his attorney told him that the only evidence the Government had was a recording that was not clear and understandable, the court finds this

4

allegation warrants summary dismissal because it is "patently frivolous or false." *Blackledge v. Allison*, 431 U.S. 63, 76 (1977). This allegation is directly contradicted by Reyes' contention that his attorney told him a jury would not believe Campusano's testimony against him. That is, if Reyes' attorney advised him that a jury would not believe Campusano's testimony, it is patently false that his attorney told him the only evidence the Government had was a recording.

### B. Sentencing Error

Reyes alleges that this court erred by sentencing him for a drug quantity that this court found only by a preponderance of the evidence. This argument has no merit. This court instructed the jury that in order for Reyes to be found guilty of conspiracy to distribute a controlled substance and attempted possession of a controlled substance with intent to distribute, the Government must prove beyond a reasonable doubt that "the offense involved at least 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine." ((#84), Jury Instructions at 18, 26). Moreover, by two special verdicts, the jury found beyond a reasonable doubt that the offenses charged in the Superseding Indictment "involved 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine." ((#86), Special Verdict; (#87) Special Verdict). Therefore, the record conclusively shows that Reyes was not sentenced for a drug quantity found only by a preponderance of the evidence.

### C. *Booker* violation

Reyes argues that he was unconstitutionally sentenced under the mandatory sentencing guidelines scheme struck down in *United States v. Booker*, 543 U.S. 220 (2005). Reyes further argues his claim is not procedurally defaulted because *Booker* was decided while his case was on appeal, and thus it should have been applied to his case.

The court finds that Reyes' arguments fail because the rule announced in *Booker* was available to him during his appeal. In *United States v. Johnson*, 988 F.2d 941 (9th Cir. 1993), the Ninth Circuit held that "[i]f a criminal defendant could have raised a claim of error on direct

appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice from the claim of error." *Id.* at 945 (citing *United States v. Frady*, 456 U.S. 152, 168 (1982)); *see also United States v. Skurdal*, 341 F.3d 921, 925-26 (9th Cir. 2003).

The court concludes that Reyes has not shown cause as required by *Johnson*. In *Reed v. Ross*, 468 U.S. 1 (1984), the U.S. Supreme Court discussed the requisite showing to demonstrate "cause" and held that "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures." *Id.* at 16. *United States v. Booker* was decided on January 12, 2005. *See Booker*, 543 U.S. at 220. The Ninth Circuit did not affirm this court's judgment until April 7, 2006. *United States v. Corniel-Reyes*, 175 F.App'x 123, 123 (9th Cir. 2006). Thus, Reyes had over a year from the date *Booker* was decided to supplement any briefing filed with the Ninth Circuit. Fed. R. App. P. 28(j).[2] Moreover, Reyes' case was not argued until March 14, 2006, *Corniel-Reyes*, 175 F.App'x at 123, which would have given his counsel ample opportunity to present the significance of *Booker* at oral argument. Therefore, because Reyes has not shown the requisite "cause" to excuse his failure to raise *Booker* on direct appeal, he may not raise it in his motion pursuant to § 2255.

Furthermore, even if *Booker* was available to Reyes in this motion for relief under § 2255, there was no violation of *Booker*'s rule that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244. As stated above, the jury found beyond a reasonable

---

[2] Federal Rule of Appellate Procedure 28(j) reads as follows: "If pertinent and significant authorities come to a party's attention after the party's brief has been filed–or after oral argument but before decision–a party may promptly advise the circuit clerk by letter, with a copy to all other parties, setting forth the citations."

6

doubt that the offenses charged in the Superseding Indictment involved 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine.  This court thus found that Reyes base offense level was 32 under U.S.S.G. § 2D1.1(c)(4) (2002) (specifying a base offense level of 32 for an offense involving "[a]t least 5 KG but less than 15KG of Cocaine") and a criminal history category of I under U.S.S.G. Chapter 5, Part A (2002) (specifying a criminal history category of I when a defendant's criminal history score is zero).  This base offense level and criminal history score created a sentencing range of 121 to 151 months in prison.  This court sentenced Reyes to 121 months in prison–the low end of the sentencing range.[3]  Accordingly, the facts this court took into account in sentencing Reyes–his convictions for conspiracy to distribute a controlled substance and attempted possession of a controlled substance with intent to distribute, and the fact that these offenses involved at least five kilograms of cocaine–were found by a jury beyond a reasonable doubt.  Therefore, there was no *Booker* violation at Reyes' sentencing.

### D. Counsel's Failure to Review the Presentence Report with Reyes

Reyes claims he was denied due process and effective assistance of counsel because his attorney did not review his presentence report with him prior to his sentencing.  Reyes claim is without merit, as Reyes declared at his sentencing hearing that he had fully discussed the presentence report with his attorney.  At Reyes' sentencing hearing the following exchange occurred:

> THE COURT: . . . Mr. Corniel-Reyes, have you had the Presentence Report fully translated to you, have you had an opportunity to review and consider it completely, and have you had an opportunity to discuss it fully with your attorney?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Okay.

((#164), Transcript of Imposition of Sentence at 4).

---

[3] The court notes it would have imposed the exact same sentence under the advisory guideline scheme established by *Booker*.

7

**E. Reyes' Entitlement to a Downward Departure Due to His Alienage**

In Reyes' fifth ground for relief he argues this court was required to grant a downward departure because he is a deportable resident alien. Reyes cites no authority for this proposition, and this court is aware of none. Moreover, Reyes could have raised this argument at sentencing, and, because Reyes has not shown "cause and prejudice" excusing his failure to raise it at that time, this argument is procedurally defaulted. *See Evenstad v. United States*, 978 F.2d 1154, 1158 (9th Cir. 1992).

**F. Government's Seizure of $500**

Reyes' final ground for relief–and his motion for the return of seized property–seeks the return of $500 that the Government seized during his arrest. The Government has responded that upon receipt of the name and address of a designated recipient for the $500, Peter S. Levitt, Assistant United States Attorney, will instruct this money to be released in accordance with Las Vegas Metropolitan Police Department's policies and procedures. Accordingly, because the Government does not contest that Reyes is entitled to the $500, Reyes' final ground for relief under § 2255, his motion for the return of seized property, and his motion to reconsider this court's August 27, 2007, order is moot.

///
///
///
///
///
///
///
///
///

IT IS THEREFORE ORDERED that Reyes' § 2255 Motion to Vacate, Set Aside, or Correct Sentence (#149) is DENIED.

IT IS FURTHER ORDERED that Reyes' Motion for the Return of Seized Property (#150 & #151) and his Motion to Reconsider this court's August 27, 2007, order (#161) is DENIED as moot.

IT IS SO ORDERED.

DATED this 19th day of November, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE